By the Court.—Ingraham, J.
The action was brought to recover for legal services rendered by plaintiff to defendant. The substantial questions litigated before the referee are questions of fact, and the determination of the appeal has required an extended examination of the extremely voluminous briefs and a large portion of the testimony before the referee.
There was a sharp conflict of evidence as to the agreement under which the plaintiff performed the services. Whether it was under the agreement made October 1, 1882, or whether that agreement had been abrogated, and the services performed without a special contract as to the compensation to be paid, depended upon whether the referee believed the testimony of the plaintiff, or that of the defendant, corroborated by the evidence of the plaintiff’s brother who had been connected with plaintiff in business but who now appears as attorney for the defendant.
It was conceded that a letter had been written by plaintiff to defendant in December, 1883, which would abrogate the agreement of October, 1882. Defendant, however, claims that that letter had been withdrawn and the agreement of October, 1882, reinstated. That question was for the referee.
The other questions were passed on by the referee in favor of plaintiff, and his findings were, I think, sustained by the evidence. It is, however, clear that the evidence did not so greatly preponderate in favor of the defendant as to justify the court in reversing the judgment on the ground that the conclusions arrived at by the referee were against the weight of evidence.
I have arrived at this result after extended examination of the case, but no good purpose would be sub- *232 served by a reference to the testimony which has led me to that conclusion.
The questions of law presented are not important and do not require extended consideration. After the agreement of October, 1882, was made, it cannot be said that the relations that existed between the plaintiff and his brother were such as authorized plaintiff’s brother to bind him by special contracts made for him. The referee has found that the plaintiff and his brother were not partners, and that finding is amply sustained by the evidence. Plaintiff’s brother was not. an attorney, and the contract was made with the plaintiff alone.
Under the circumstances as they appear, even admitting that the referee believed the plaintiff’s brother and the defendant as to agreements that they made between themselves as to the compensation to be paid to plaintiff for services he was to render, I think the referee was justified in finding that those agreements were not binding upon the plaintiff unless communicated to and ratified by him, and such knowledge of the agreements or ratification was expressly and strenuously denied by the plaintiff.
The question having been left to the determination of the referee, and he having found the disputed questions of fact in favor of the respondent upon evidence which is sufficient to sustain the finding, and no principle of law having been violated that requires a reversal of the judgment, I think the j udgment' should be affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.